IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00126-WJM-MDB

ERIC DEVILLAZ, individually and on behalf of all similarly situated persons,

    Plaintiff,

v.

ATMOSPHERE GASTROPUB, INC., MICHAEL DAVIS, MEGAN DAVIS and STEVEN BAILEY,

    Defendants

**PLAINTIFF'S RENEWED MOTION FOR APPROVAL
OF *HOFFMAN-LAROCHE* NOTICE[1]**

Pursuant to §216(b) of the federal Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.,* (the "FLSA"), Plaintiff Eric Devillaz, by and through undersigned counsel, hereby submits this *Motion for Approval of Hoffman-La Roche Notice* (the "Motion").

## I. INTRODUCTION

Mr. Devillaz brings this FLSA "collective action" on behalf of restaurant servers whose tips were diverted in violation of the FLSA. The FLSA authorizes Mr. Devillaz to sue for unpaid wages not only on his own behalf, but also on behalf of "other employees similarly situated." 29 U.S.C. §216(b). Unlike a FED. R. CIV. P. 23 class action, however, in which individuals are class members until they affirmatively "opt out," each member of an FLSA collective action must "opt-in" by filing a written consent. This Motion requests

---

[1] Defendants oppose this Motion.

"notice stage" collective action certification and an order that certain of Defendants' employees be provided notice and an opportunity to join this lawsuit.  *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989); *MacDonald v. Covenant Testing Technologies, LLC*, No. 18-cv-02290-NRN, 2019 WL 1755282, *2 (D.Colo. Apr. 18, 2019)

The Supreme Court held in *Hoffman-La Roche* that a named FLSA plaintiff is entitled to discover the identity of all "similarly situated" individuals with potential claims and to have the Court facilitate notice to all such potential plaintiffs informing them of the lawsuit and their right to opt-in.[2]  *Hoffman-La Roche*, 493 U.S. at 169-74.  The purpose of notice is simply to alert potentially aggrieved individuals that if they want to pursue a similar claim in the lawsuit they must file a written consent.  Such notice is integral to realizing the Congressionally-intended benefits and efficiencies of the FLSA collective action.  *See id.*

Accordingly, a motion for *Hoffman-La Roche* notice is leniently granted upon a minimal showing that there are other similarly-situated individuals who might wish to join the lawsuit.  *See, e.g., Turner v. Chipotle Mexican Grill, Inc.,* 123 F.Supp.3d 1300, 1308 (D.Colo. 2015)("The proper approach . . . is to presumptively allow workers bringing the same statutory claim against the same employer to join as a collective, with the understanding that individuals may be challenged and severed from the collective if the

---

[2] *Hoffman-La Roche* was an Age Discrimination in Employment Act (the "ADEA") case. Because the ADEA expressly incorporates the FLSA's enforcement provisions, courts look to ADEA collective cases for standards regarding the interpretation and application of Section 216 of the FLSA.  *Shaffer v. Farm Fresh, Inc.,* 966 F.2d 142, 147 n.5 (4th Cir. 1992).

basis for their joinder proves erroneous.")[3]; *Baldozier v. Amer. Family Mut. Ins. Co.,* 375 F.Supp.2d 1089, 1092 (D.Colo. 2005)(notice stage certification "requires 'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan'") citing *Thiessen v. Gen. Elec. Cap. Corp.,* 267 F.3d 1095, 1102 (10th Cir. 2001); *MacDonald*, No. 18-cv-02290-NRN, 2019 WL 1755282, *2 ("[T]his is a 'lenient' standard 'which typically results in conditional certification of a representative class.'") quoting *Baldozier,* 375 F.Supp.2d at 1092 and *Renfro v. Spartan Comp. Servs., Inc.,* 243 F.R.D. 431, 432 (D.Kan. 2007). This is an ideal collective action because Mr. Devillaz is similarly situated to dozens of other individuals subjected to Defendants' tip policy. *Hoffman-La Roche*, 493 U.S. at 170 ("The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact.")

## II. FACTUAL BACKGROUND

Defendants operate three Colorado restaurants known as "Atmosphere" and/or

---

[3] In *Chipotle*, Judge Kane questioned the use of language regarding "certification" in the context of motions to provide notice under *Hoffman-LaRoche*. According to Judge Kane's detailed analysis of the history and intent behind the FLSA §216(b) process, the use of "certification" language needlessly conflates §216(b) notice with the entirely different, and more rigorous process under FED. R. CIV. PROC. 23. *Chipotle*, 123 F.Supp. at 1307 (The use of the FLSA's opt-in vs. Rule 23's opt-out process "removes any rationale for subjecting individual party plaintiffs in collective actions to the rigorous procedural requirements of class actions.") Regardless of whether the Court uses the two-stage certification concept, however, the fundamental idea is the same – at this stage, Plaintiff's burden is lenient because all that is being requested is that class members be notified of a pending lawsuit that may affect their rights and given an opportunity to make an informed decision about joining. Early notice protects class member rights by ensuring that the statute of limitations does not run on meritorious claims while the parties otherwise move through the litigation process.

"Back East". (Compl. at ¶15); (First Am. Compl. at ¶15)[4]. Plaintiff was employed by Defendants as a server at the Atmosphere location. *Id.*; *Declaration of Eric Devillaz* at ¶2 (**Exhibit 1**). Defendants required Plaintiff to share his tips with other employees. *Id.* A portion of the tip pool was shared with Defendants' management employees, including Carrie Platzer. (Compl. at ¶15); (First Am. Compl. at ¶16); (Devillaz Dec. at ¶5); *Declaration of Shane Gardner* at ¶5 (**Exhibit 2**). This management tip sharing arrangement was applied uniformly to all Defendants' servers. *Id.* It is illegal for employers to require employees to share their tips with management employees. 29 U.S.C. 203(m)(2)(B)("An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips . . . .")

### III. ARGUMENT

**A.   Notice Is Appropriate Because Mr. Devillaz Is "Similarly Situated" to All Other Employees at Atmosphere and Back East.**

The Court should approve notice to be distributed to: **All current and former "front of the house" employees who worked at any "Atmosphere" or "Back East" restaurant owned in whole or in part by any of the Defendants at any time from January 18, 2019 to present**. Notice is appropriate because Mr. Devillaz and other "front of the house" employees are "similarly situated" in that they were subjected to Defendants' common tip-sharing policy, which resulted in the illegal diversion of employee

---

[4] Plaintiff intends to file a motion for leave to file an amended complaint to address certain pleading deficiencies alleged by Defendants.

4

tips.

### 1. Sending Notice to Absent Class Members Fulfills the FLSA's Broad Remedial Purposes.

FLSA collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact," and allow plaintiffs to "lower individual costs to vindicate rights by the pooling of resources." *Hoffman-La Roche*, 493 U.S. at 170. Unlike Rule 23 class actions, FLSA plaintiffs must affirmatively opt-in to be covered by the suit. 29 U.S.C. §216(b); *Thiessen*, 267 F.3d at 1102. If an employee does not opt-in, he or she will not be bound by the outcome and may file a separate suit. *EEOC v. Pan Am. World Airways, Inc.*, 897 F.2d 1499, 1508 n. 11 (9th Cir. 1990).

Because the substantial benefits of FLSA collective actions "depend on employees receiving accurate and timely notice concerning the pendency of the collective action," the FLSA grants the court authority to manage the process of joining such employees in the action, including the power to authorize notice. *Hoffman-La Roche*, 493 U.S. at 169-72, 173 ("The broad remedial goal of the statute should be enforced to the full extent of its terms.") "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Id.* at 173; *see Reab v. Electronic Arts, Inc.,* 214 F.R.D. 623, 628 (D. Colo. 2002)(conditional certification for notice purposes was appropriate where plaintiffs had made "substantial allegations" and conditional certification would allow "significant economies" to be achieved); *Pirrone v. North Hotel Assocs.*, 108 F.R.D. 78, 82 (E.D. Pa.

1985)(notice was appropriate "in light of the broad remedial purpose of the FLSA, the explicit provision in the Act for representative actions, the practical realities of management of class actions, and the courts' interest in avoiding multiplicity of lawsuits . . . . [T]he FLSA was enacted to protect employees . . . . The class action procedure, however, would have little or no significance if notice was not permitted in some form.")

### 2. Mr. Devillaz Is Entitled to Notice Based on a Very Minimal Showing That He Is Similarly Situated to Other "Front of the House" Employees.

The Court may order and facilitate the sending of notice applying a lenient standard based on a minimal showing of "other similarly situated employees." Courts use a two-stage process to determine whether to certify a collective action. *See Thiessen*, 267 F.3d at 1102-1103; *Baldozier*, 375 F.Supp.2d at 1092; *Brown*, 222 F.R.D. at 679; *Williams v. Sprint/United Management Co.,* 222 F.R.D. 483, 484-85 (D. Kan. 2004); *Reab*, 214 F.R.D. at 627.

At the "notice stage" – the stage at issue in this Motion – the court makes a determination of "whether a collective action should be certified for purposes of sending notice of the action to potential class members." *Williams*, 222 F.R.D. at 485; *see Thiessen*, 267 F.3d at 1102. For notice stage certification, the court requires nothing more than substantial allegations that the putative collective action members are "similarly situated." *Thiessen*, 267 F.3d at 1102; *Baldozier*, 375 F.Supp.2d 1092; *Brown*, 222 F.R.D. at 679; *Williams*, 222 F.R.D. at 485. "The proper approach . . . is to presumptively allow workers bringing the same statutory claim against the same employer to join as a collective, with the understanding that individuals may be challenged and severed from

6

the collective if the basis for their joinder proves erroneous." *Turner*, 123 F.Supp. at 1308. "The standard for certification at this notice stage, then, is a lenient one that typically results in class certification." *Brown*, 222 F.R.D. at 679; *Williams*, 222 F.R.D. at 485 (same); *see Thiessen*, 267 F.3d at 1103 (upholding conditional certification at notice stage where district court had applied "a fairly lenient standard for what constituted 'similarly situated'").

Plaintiffs meet their notice stage burden by presenting "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Baldozier*, 375 F.Supp.2d at 1092 citing *Thiessen*, 267 F.3d 1095. Thus, the Court may find "similarly situated employees" for notice purposes based only on the allegations of the complaint and one or more affidavits or declarations. *See, e.g., Baldozier*, 375 F.Supp.2d at 1093 (one declaration from each of four named plaintiffs); *Brown,* 222 F.R.D. at 680 (two affidavits); *Williams*, 222 F.R.D. at 486-87 (allegations in complaint with affidavits were "more than sufficient to support provisional certification"); *Reab*, 214 F.R.D. at 628 (allegations in complaint); *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 442-45 (N.D. Ill. 1982)(allegations in complaint); *Ballaris v. Wacker Silttronic Corp.,* 2001 WL 1335809, *2-3 (D. Or. 2001)(two affidavits); *De Asencio v. Tyson Foods, Inc.,* 130 F.Supp.2d 660, 663 (E.D. Pa. 2001)(four affidavits); *Camper v. Home Quality Mgmt, Inc.*, 200 F.R.D. 516, 520 (D. Md. 2000) (sworn testimony from two deponents and two declarations); *Zhao v. Benihana,* 2001 WL 845000, *2 (S.D.N.Y. 2001)(one affidavit based on plaintiff's "best knowledge"). If this lenient standard is met, the district court "conditionally" certifies the class and facilitates the process by which

7

putative class members are given notice and the opportunity to opt-in.

Only at the conclusion of discovery as to any new opt-in plaintiffs does the court make a second stage determination of whether the plaintiffs are similarly situated using a stricter standard. *Thiessen*, 267 F.3d at 1102-03; *Brown*, 222 F.R.D. at 679. "During this 'second stage' analysis, a court reviews several factors, including the disparate factual and employment settings of the individual plaintiffs; the various defenses available to defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether plaintiffs made any required filing before instituting suit." *Brown*, 222 F.R.D. at 679, citing *Thiessen*, 267 F.3d at 1103; *Williams*, 222 F.R.D. at 485. If the opt-in plaintiffs are determined not to be similarly situated after all discovery has been completed, the court decertifies the class, and the opt-in plaintiffs' claims are dismissed without prejudice. *See, e.g., Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995).

### 3. Defendants' Servers Are Similarly Situated.

Defendants maintained a common tip-share policy that resulted in the illegal diversion of tips to management. Under such circumstances, Defendants' "front of the house" employees are "similarly situated" for purposes of providing them notice of the lawsuit. *Thiessen*, 267 F.3d at 1102; *Brown*, 222 F.R.D. at 679.

### B. Conclusion

The twin goals of employee protection and judicial efficiency both weigh heavily in favor of issuance of *Hoffman-La Roche* notice to all potential collective action members here. Notice will permit "efficient resolution in one proceeding" of a discrete range of

factual and legal issues applicable to current and former employees of Defendants. *See Hoffman-La Roche*, 493 U.S. at 170. Absent notification, other individuals whose tips were diverted will be left to litigate in separate actions the same dispute presented here.

WHEREFORE, Plaintiff respectfully requests the Court to grant this Motion and enter an Order (similar to the proposed Order attached hereto as Exhibit 3) allowing Mr. Devillaz to send a notice via U.S. Mail, e-mail and text message to all current and former "front of the house" employees who worked at any "Atmosphere" or "Back East" restaurant owned in whole or in part by any of the Defendants at any time from January 18, 2019 to present.

RESPECTFULLY SUBMITTED this 27th day of September 2022.

*s/Brian D. Gonzales*
_____
Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 27, 2022, the foregoing **PLAINTIFF'S MOTION FOR APPROVAL OF *HOFFMAN-LAROCHE* NOTICE** was served electronically on all counsel of record.

*s/Brian D. Gonzales*
_____

9