IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–00126–WJM–MDB

ERIC DEVILLAZ, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

ATMOSPHERE GASTROPUB, INC.,
MICHAEL DAVIS,
MEGAN DAVIS, and
STEVEN BAILEY,

    Defendants.

---

## ORDER

---

This matter is before the Court on two motions: (1) Plaintiff's "Motion for Leave to Amend" (["Motion to Amend"], Doc. No. 36); and (2) "Defendants' Motion to Stay" (["Motion to Stay"], Doc. No. 38.) Responses and replies have been filed as to both motions. (["Response to Motion to Amend"], Doc. No. 43; ["Response to Motion to Stay"], Doc. No. 45; ["Reply to Motion to Amend"], Doc. No. 47; ["Reply to Motion to Stay"], Doc. No. 48.)

## BACKGROUND

Plaintiff Eric Devillaz describes this case as an "FLSA 'collective action' on behalf of restaurant servers whose tips were diverted in violation of the FLSA." (Doc. No. 34 at 1.) He alleges that Defendants operate "the 'Back East' and 'Atmosphere' restaurants in Colorado Springs and Denver, Colorado," and that they violated the Fair Labor Standards Act ("FLSA"),

the Colorado Wage Claim Act ("Wage Claim Act"), and the Colorado Minimum Wage Act ("Minimum Wage Act"), "by diverting employee tips, failing to pay the minimum wage for all hours worked and failing to provide required meal and rest breaks." (Doc. No. 1 at ¶¶ 1, 15.)

With respect to diverting employee tips, Mr. Devillaz explains that "[i]n a compromise between the interests of restaurant management and those of employees, legislators developed the concept of the 'tip credit[,]' which allows restaurants to take a credit against the minimum wage for employee tips. . . . Before taking the tip credit, however, restaurants must adhere to certain strict pre-conditions." (Doc. No. 1 at ¶¶ 10-11.) According to Mr. Devillaz, restaurants must inform employees about the tip credit, allow employees to keep all of their tips, and if tips are pooled, then only those employees who customarily and regularly receive tips can participate in the pool. (*Id.* at ¶¶ 11-14.) According to Mr. Devillaz, Defendants created a tip pool that improperly included "owners, management, kitchen staff and/or other employees who are not 'customarily and regularly' tipped." (*Id.* at ¶¶ 1-16.). Thus, Defendants were not entitled to the allowable tip credit afforded to restaurants, and in taking it, "violated the legal requirements for taking the tip credit[.]" (*Id*. at ¶ 16.)

Although much of the Complaint seems focused on the improper pooling and diverting of tips, Mr. Devillaz also alleges that he and others were deprived of meal and rest breaks. (*Id.* at ¶¶ 1, 17.) Mr. Devillaz seeks to recover "unpaid wages not only on his own behalf, but also on behalf of 'other employees similarly situated.'" (*Id.* (citing 29 U.S.C. § 216(b)).)

## LEGAL STANDARDS

*Motion to Stay*

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.

2

Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).

*Motion to Amend*

If a motion to amend a complaint is filed after the deadline set in a scheduling order, the court must engage in a two-step analysis to determine whether the proposed amendment is proper under Federal Rules of Civil Procedure 16(b) and 15(a).[1] "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Federal Rule of Civil Procedure 16(b)(4) and (2) satisfaction of the Federal Rule of Civil Procedure Rule 15(a) standard." G*orsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) ("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so.").

> Rule 16(b)[(4)]'s good cause standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b)[(4)] does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, the Court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted). Notably, however, "rigid adherence to the pretrial scheduling order is not advisable." *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990).

If a plaintiff demonstrates good cause under Rule 16(b)(4), a court then moves to the second step of the analysis and reviews whether the plaintiff has satisfied the requirements of

---

[1] Here, the application of Rule 16 is debatable, because The Honorable William J. Martinez issued a Minute Order—after the amendment deadline had expired—directing the parties to his practice standards, which require counsel to discuss whether any alleged pleading deficiencies can be cured by amendment. (Doc. No. 26.) However, the Minute Order does not expressly relieve the parties of their duty to comply with the Scheduling Order, nor does it address Rules 15 or 16. Therefore, the Court will proceed as though both rules apply.

Rule 15(a). *Nicastle v. Adams Cnty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011). Under Rule 15(a)(2), the court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "[T]he liberal standard for granting of motions for leave to amend unless the amendment inflicts undue prejudice on the non-moving party reflects the Court's underlying policy that pleadings should enable a claim to be heard on its merits." *James v. Fenske*, No. 10-cv-02591-WJM-CBS, 2012 WL 592855, at *3 (D. Colo. Feb. 23, 2012) (citing *Calderon v. Kan. Dep't of Soc. & Rehabilitative Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999)).

Undue prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend his complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense." *Id*. (quotation omitted). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id*. at 1208 (citations omitted).

## ANALYSIS

### I. Motion to Stay

On September 13, 2022, Defendants filed a motion to dismiss. (Doc. No. 28.) Although that motion is not before this Court, it is relevant to Defendants' Motion to Stay. Specifically, in the Motion to Stay, Defendants argue that their motion to dismiss "addresses threshold questions of law" and raises "a colorable challenge to Plaintiff's standing and . . . this Court's jurisdiction," and that therefore, the Court should stay all matters pending resolution of that motion. (Doc. No. 38 at 4-6.) Mr. Devillaz does not appear to oppose a stay of discovery, but he does oppose staying the notice process. (Doc. No. 45 at 1-2 ("Plaintiff does not oppose a stay of merits discovery because such discovery cannot be completed until after resolution of the Motion for Notice. This is because the parties will not know whether additional plaintiffs will join the case until the Motion for Notice is resolved. However, to the extent Defendants wish to stay a ruling on the Motion for Notice, Plaintiff does oppose.").)

As a threshold matter, the Court notes that Plaintiff's Motion for Order to Approve Hoffman-LaRoche Notice (Doc. No. 34), is not pending before this Court, and therefore, this Court has no say in the substance or timing of any notice. Thus, the Court considers only whether a stay of discovery is appropriate, and applies the *String Cheese* factors to make that determination.

***Plaintiffs' Interest in Proceeding Expeditiously.*** Plaintiffs "undoubtedly have an interest in proceeding expeditiously in this matter." *Sanchez v. City & Cnty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020); *see also Chavez*, 2007 WL 683973, at *1 ("[S]taying the case while defendant's motion to dismiss is pending could

6

substantially delay the ultimate resolution of the matter, with injurious consequences."). Here, however, the Court finds that Mr. Devillaz would not be prejudiced by a short stay. Indeed, Mr. Devillaz does not oppose a stay, other than as it concerns notice. (Doc. No. 45 at 1-2.) And in any event his arguments as to why notice should proceed, primarily concern the potential prejudice to other parties, not himself. The Court finds that this factor <u>weighs in favor of a stay</u>.

***The Burden on the Defendant***.  As to the second factor, Defendants argue they will be prejudiced because discovery here will be burdensome, and because they should not have to proceed after lodging a colorable challenge to the court's subject matter jurisdiction. (Doc. No. 38 at 4-5.) As an initial matter, the Court notes that "[d]efendants are always burdened when they are sued." *Chavez*, 2007 WL 683973, at *2. As such, generally, "[t]he ordinary burdens associated with litigating a case do not constitute undue burdens." *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011). However, where a pending motion to dismiss may completely dispose of the case, moving the case forward could prove to be an impractical endeavor. *See Atl. Richfield Co. v. NL Indus., Inc.*, No. 20-cv-00234-RMR-KLM, 2021 WL 5016019, at *2 (D. Colo. Oct. 19, 2021) (finding the second factor to weigh in favor of a stay, even though the defendants failed to demonstrate that proceeding with discovery would be an *undue* burden, where such discovery "could be wasteful"); *see also Alexander v. Foegen*, No. 10-cv-01993-LTB-MEH, 2011 WL 683813, at *1 (D. Colo. Feb. 17, 2011) (recognizing the burden on defendants in proceeding with discovery, where there was a pending motion to dismiss raising a statute of limitations argument). This is particularly true where a party challenges subject matter jurisdiction. *See Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB-KMT, 2013 WL 2466917, at *2-3 (D. Colo.

7

June 7, 2013) (finding that the plaintiff's interest in proceeding expeditiously with the case was "overcome by the burden [the defendant] might face if it were forced to proceed with discovery," where the motion to dismiss "lodged colorable arguments" that the court lacked subject matter jurisdiction over the claims). The Court concludes this factor weighs in favor of a stay.

***The Convenience to the Court***.  The third *String Cheese* factor, convenience to the court, weighs against the imposition of a stay. This District's general rule is to proceed with discovery, even while a dispositive motion is pending because there are "burdens to the court and to the public in delaying, potentially for months, those cases where a [dispositive] motion is filed." *Sutton v. Everest Nat'l Ins. Co.*, No. 07-cv-00425-WYD-BNB, 2007 WL 1395309 at *2 (D. Colo. May 9, 2007). While every motion to stay comes with different considerations, stays— and the delay that comes with them—are usually not convenient. *See Patterson v. Santini*, No. 11-cv-01899-RM-KLM, 2014 WL 349085 at *3 (D. Colo. Jan. 31, 2014) ("It is not convenient for the Court to have stale cases cluttering its docket."). "The Court is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from the imposition of a stay makes the Court's docket less predictable and, hence, less manageable." *Lester v. Gene Express, Inc.*, No. 09-cv-02648-REB-KLM, 2010 WL 743555, at *2 (D. Colo. Mar. 2, 2010) (adding that this is particularly the case when "the stay is tied to . . . pending motion on which ultimate success is not guaranteed"). Moreover, in a case that may proceed as a collective action, discovery and attendant proceedings can be particularly lengthy and the Court is disinclined to invite any delay. This factor weighs against a stay.

***Interests of Non-Parties.***  As to the fourth *String Cheese* factor, Mr. Devillaz argues that if the matter is stayed with respect to notice, the claims of similarly situated parties could be

compromised. (Doc. No. 45 at 2-3.) However, as noted above, the notice issue is not before this Court, and it will be up to the presiding judge to determine that timing. However, the Court notes that if discovery begins now—before Plaintiff has an opportunity to issue notice—other potential plaintiffs may be deprived of an opportunity to shape discovery. This factor <u>weighs in favor of a stay</u>.

***The Public Interest.*** As to the fifth factor, there is no question that the general public's primary interest in this case is an efficient and just resolution. "Avoiding wasteful efforts by the court and the litigants serves that purpose." *Woodson v. Armor Corr. Health Servs., Inc.*, No. 20-cv-00186-RM-KMT, 2020 WL 4041460, at *5 (D. Colo. July 17, 2020). In light of the pending dispositive motion and the arguments raised therein, which are at the very least colorable, this factor <u>weighs in favor of a stay</u>.

In sum, the Court finds that four of the *String Cheese* factors weigh in favor of a stay and only one weighs against it. Thus, the Court finds that the balance of the *String Cheese* factors supports the imposition of a stay. *See United Steelworkers of Am.*, 322 F.3d at 1227 (recognizing that the decision whether to stay a case lies within the trial court's discretionary authority).

## II.     Motion to Amend

Soon after Defendants filed their motion to dismiss, Mr. Devillaz sought to amend his Complaint. (Doc. No. 36.) He contends that "[a]lthough the operative Complaint is more than adequate to notify Defendants of the nature of Plaintiff's claims, Plaintiff wished to avoid the expense of unnecessary briefing regarding purported pleading deficiencies." (*Id.* at 1-2.) The Motion to Amend was filed after Mr. Devillaz was allowed amend as a matter course under Rule 15(a)(1), and several months after the deadline to amend in the Scheduling Order. (*See* Doc. No.

9

18 at 9.) Mr. Devillaz argues that his Motion to Amend "should be granted because it is black-letter law that amendment should be allowed unless it would be futile." (Doc. No. 36 at 2.) He also argues that "Defendants violated F.R.C.P. 12(b) by raising 12(b) issues by motion long after filing their Answer to Class and Collective Action Complaint Containing Affirmative Defenses," and that "[h]ad Defendants followed this rule, Plaintiff could have amended his pleading to address any Rule 12(b) pleading issues as a 'matter of course.'" (*Id.* at 2 (citing Fed. R. Civ. P. 15(a)(1)(B)).)

Defendants respond that a "party never waives a challenge to jurisdiction and 'may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance.'" (Doc. No. 43 at 3-4 (citing *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)).) They also argue that Mr. Devillaz fails to satisfy Rule 16's good cause standard, that the amendment would prejudice them because they would be required to "defend themselves in a forum without jurisdiction," and that futility precludes amendment. (*Id.* at 4-10.)

On reply, Mr. Devillaz argues that the good cause requirement is satisfied because Defendants' late-made Rule 12(b) arguments are what necessitated the late amendments. (Doc. No. 47 at 1-2). He also argues that there is no prejudice to Defendants because this case is in the early pre-discovery stages and trial has not been set. (*Id.* at 2.) Additionally, Mr. Devillaz claims that "[g]iven Defendants' lengthy delay in filing their Motion to Dismiss, they cannot now claim prejudice[.]" (*Id.*)

Proceeding first under Rule 16, the Court finds that Mr. Devillaz's late-filed amendment does not reflect a lack of diligence, but rather a desire to avoid what Mr. Devillaz considers "unnecessary briefing regarding purported pleading deficiencies." (Doc. No. 36 at 1-2.) In other

words, Mr. Devillaz's proposed amendment is not a delayed effort to properly plead, but a reaction to Defendants' motion to dismiss. *See Pumpco, Inc. v. Schenker Int'l Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) ("Rule 16(b)[(4)] does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment."). Assuming Rule 16 applies here, the Court finds the rule is satisfied under the circumstances.

Second, and proceeding under Rule 15, the Court agrees with Mr. Devillaz that this case is still in the early pre-discovery phase. An amendment at this stage would not prejudice Defendants. This is particularly true where the proposed amendments arise in connection with the same facts and circumstances set forth in the original Complaint. Moreover, Mr. Devillaz's Motion to Amend was filed in response to (and soon after) Defendants launched their attack on Plaintiff's original Complaint seven months after the Complaint was filed.[2]

Finally, the Court will not deny the Motion to Amend based on Defendants' futility arguments. Refusing leave to amend based on "futility of amendment" is within a court's discretion. *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996). Here, the Court exercises its discretion and finds that Defendants' arguments concerning the viability of Mr. Devillaz's claims post-amendment, would be more efficiently raised in the context of a dispositive motion. *See Swanson v. N. Light Specialty Ins. Co.*, No. 20-cv-03778-RMR-NRN, 2021 WL 8944735, at *4 (D. Colo. Oct. 28, 2021) ("Rather than force a 12(f) motion or a motion for summary judgment into the response to the Motion to Amend, [the litigants] are better served

---

[2] The Complaint was filed on January 18, 2002 (Doc. No. 1), and Defendants filed their first motion to dismiss on August 25, 2022 (Doc. No. 25).

by having an opportunity to fully brief the merits of the affirmative defense upon appropriate motion and after the opportunity for discovery."). Indeed, given that the denial of a motion to amend is a dispositive issue that may only be *recommended* by the undersigned, "proceeding with a Rule 12(b) motion may, at least, avoid one round of objections under [Rules] 72(a) or (b)." *Alabassi v. Columbia Ins. Co.*, No. 17-cv-00752-RM-MEH, 2017 WL 10591351, at *2 (D. Colo. Oct. 30, 2017); *see also Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014) ("The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits."). Moreover, a futility analysis is particularly inappropriate here because it would require this Court to consider the very arguments currently pending before Judge Martinez on a motion that is not referred to this Court. For those reasons, the Court grants Mr. Devillaz's Motion to Amend.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED THAT**:

(1) "Defendants' Motion to Stay" (Doc. No. 38) is **GRANTED**. Discovery in this matter is **STAYED** until after resolution of Defendants' subject matter jurisdiction arguments.

(2) The "Motion for Leave to Amend" (Doc. No. 36) is **GRANTED**. Plaintiff shall file a

clean copy of the "First Amended Class and Collective Action Complaint" (Doc. No. 36-1) no later than **December 5, 2022**.

DATED: November 25, 2022.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge