IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00126-WJM-MDB

ERIC DEVILLAZ, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

ATMOSPHERE GASTROPUB, INC., MICHAEL DAVIS, MEGAN DAVIS and STEVEN BAILEY,

    Defendants

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) AND F.R.C.P. 12(b)(6)**

**(Filed December 16, 2022 – ECF No 53)**

Plaintiff, through counsel, respectfully submits this response in opposition to Defendants' *Motion to Dismiss Plaintiff's First Amended Class and Collective Action Complaint Pursuant to F.R.C.P. 12(b)(1) and 12(c)*("Motion to Dismiss").

## I.  ARGUMENT

**A.**  **Plaintiff Has Plead More than Sufficient Facts to State a "Plausible" Claim.**

The Supreme Court set forth the standard for pleadings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), stating that pleadings need only include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  Using this standard, courts accept all well-pleaded factual allegations as true and view those allegations in the light most favorable to the nonmoving party.  *Smith v. U.S.*, 561 F.3d 1090, 1098 (10th Cir.

2009). Under F.R.C.P. 8, "specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) citing *Twombly*, 550 U.S. at 555. Ultimately, the issue is not whether the plaintiff will prevail, but whether he is entitled to offer evidence to support his claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

In its prior *Motion to Dismiss Plaintiff's Class Action Complaint Pursuant to F.R.C.P. 12(b)(1) and 12(c)*(ECF No. 28)(the "First Motion to Dismiss"), Defendants argued that Plaintiff's initial complaint contained various pleading deficiencies. Although that complaint was more than sufficient to provide Defendants "fair notice" of the claims at issue, Plaintiff sought to amend and provide more detail rather than engaging in unnecessary briefing concerning how many words are necessary to describe a claim. Despite WJM REVISED PRACTICE STANDARD III(D)(1), Defendants opposed the amendment but leave ultimately was granted and Plaintiff filed his *First Amended Class and Collective Action Complaint* (ECF No. 50)("Amended Complaint").

In response to the Amended Complaint, Defendants filed the current Motion to Dismiss – again asserting certain pleading deficiencies. Such purported deficiencies have been a "moving target" since Defendant now complains about issues that could have been raised the first time around (and would already have been resolved by amendment). In any event, as discussed below, the Amended Complaint is more than sufficient to

provide "fair notice"[1].

In any event, the following addresses each of the purported pleading deficiencies identified by Defendants:

- **Plaintiff's Rate of Pay**: In their First Motion to Dismiss, Defendants argued that Plaintiff's initial complaint did not allege his rate of pay. (First Mot. at 3) ("There is no allegation about the hourly rate Plaintiff was paid.") Therefore, in his Amended Complaint, Plaintiff provided this information. (Am. Compl. at ¶15)("Plaintiff's average hourly pay was approximately $8.80.") Now, however, Defendants have a new quibble: "There is no allegation about the hourly rate Plaintiff was paid, or about how much he collected in tips." (Mot. at 3)(emphasis added). Defendant has not, however, provided any authority for the proposition that this information is required to provide "fair notice" of Plaintiff's claims – particularly when the information already is in Defendants' possession and, in any event, is largely irrelevant. Moreover, even if such specific information were required to provide "fair notice", this is the type of issue that should have been addressed through amendment rather than motion practice. WJM REVISED

---

[1] Even if the Court disagrees, however, Plaintiff respectfully requests leave to amend a second time (although it is unlikely that Plaintiff could ever provide enough detail to satisfy Defendants). *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F. 3d 398, 403 (5th Cir. 2004)("[L]eave to amend should be freely given, and outright refusal to grant leave to amend without a justification…is considered an abuse of discretion.")(internal citation omitted); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

PRACTICE STANDARD III(D)(1).

- **Description of Defendants' Tip-Pool**: According to Defendants, the Amended Complaint "fail[s] to disclose terms of the tip pool . . . ." (Mot. at ¶10). The Amended Complaint, however, provides a detailed description of the law governing tip pools, Defendants' tip pooling policy and why that policy violated the law. (Am. Compl. at ¶¶8-17). Defendants have not specified what more information they believe is necessary but even if they could identify some omission that keeps them from understanding the claim, this is again an issue that should have been resolved through amendment.

- **Description of Plaintiff's Break Claim**: Defendants assert that Plaintiff's "break time and mealtime claim have no specific allegations . . . .")(Mot. at 10). The Amended Complaint, however, provides a detailed description of those claims. (Am. Compl. at ¶¶18-19). Again, Defendants have not specified what they think is missing but, even if they had, a simple amendment would have resolved the issue[2].

B.   **Defendants' Jurisdictional Argument is Spurious.**

In addition to their complaints about the sufficiency of Plaintiff's pleading, Defendants argue that Plaintiff has no federal claim and, therefore, the Court lacks

---

[2] After conferral, Plaintiff understood that Defendants did not intend to raise these types of easily curable pleading issues in the Motion to Dismiss but, instead, to focus on the jurisdictional issue discussed below. If Defendants can identify what additional facts they believe need to be pleaded, Plaintiff almost certainly can provide that information. Or Defendants can just request that information in discovery.

jurisdiction. Specifically, Defendants argue that Plaintiff's Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") claim fails because "Defendant is not relying on the tip credit to comply with the FLSA". (Mot. at 9). The reason for this is that Colorado's tip credit wage ($8.08 in 2019 when Plaintiff's employment started) is higher than the FLSA's full minimum wage of $7.25 per hour. In other words, although Defendants cannot dispute that they took the tip credit under state law, they argue that no FLSA tip credit was taken because Plaintiff's hourly wage always was greater than $7.25. *Id.*

Defendants' argument overlooks the fact that Plaintiff's FLSA claim does not require the existence of a tip credit. Specifically, the FLSA's tip pooling requirements also are violated when a server is required to share tips with management or supervisory employees – regardless of whether any tip credit is taken. 29 C.F.R. §531.54(d)("An employer that pays its tipped employees the full minimum wage and does not take a tip credit may impose a tip pooling arrangement [but] may not allow supervisors and managers to receive tips from the tip pool.") Here, Plaintiff contends that his manager, Carrie Platzer, took a share of his tips and that, as a result, he has an FLSA claim for wrongfully diverted tips – regardless of any tip credit. (Am. Compl. at ¶16).

In response to this, Defendants focus on one of the critical fact issues in this lawsuit – was Ms. Platzer a "management or supervisory employee" statutorily prohibited from sharing in Plaintiff's tips? (Mot. at 11). As recognized by Defendants, however, this sort of "intertwined" jurisdiction/merits issue must be resolved on the merits. *Id.* at 6; *Tilton v. Richardson,* 6 F.3d 683, 685 (10th Cir. 1993). Therefore, Defendants' argument must be

addressed under Rule 12(b)(6), with all well-pleaded facts in the Amended Complaint accepted as true and the inquiry limited to whether it is beyond a reasonable doubt that Plaintiff could not prove facts entitling him to relief.  *Id.*

Here, Plaintiff has alleged in detail that Ms. Platzer was Defendants' Front of the House Operations Manager and, therefore, should not have been sharing in Defendants' tip pool.  (Am. Compl. at ¶¶15-16).  In response, Defendants argue that this allegation must be disregarded because, when Ms. Platzer took tips, she was clocked in as a bartender or server.  (Mot. at 5); *Second Affidavit of Megan Davis* at ¶5 (Ms. Platzer "only received tip shares when she was clocked in as bartender or server.")(**Mot., Ex. C**).  But an employee's clocked in status does not conclusively determine the employee's job duties.  Here, the actual role played by Ms. Platzer is hotly disputed by Plaintiff.  *See, e.g.,* (Am. Compl. at ¶16)("Ms. Platzer customarily and regularly managed and directed the work of multiple staff members at Atmosphere and, on information and belief, was involved in hiring, firing and discipline."); *Supplemental Declaration of Eric Devillaz* at ¶4 (**Exhibit 1**)("Ms. Platzer was responsible for supervising the front of the house employees, including me.  I always viewed her as my boss and the person who was 'in-charge' when she was on-duty, regardless of whether she was helping out with bartending or otherwise assisting with operations of the restaurant."); *Declaration of Shane Gardner* ¶5 (**Exhibit 2**).  In other words, taking Plaintiff's allegations as true, Defendants have not shown "beyond a reasonable doubt" that Ms. Platzer was a proper, non-management tip pool participant.  Moreover, even under a summary judgment standard, the issue

presents a disputed issue of material fact.

WHEREFORE, Plaintiff respectfully requests the Court to deny Defendants' Motion to Dismiss in its entirety.

Respectfully submitted this 6th day of January 2023.

                                    *s/Brian D. Gonzales*
                                    _____
                                    Brian D. Gonzales
                                    THE LAW OFFICES OF
                                    BRIAN D. GONZALES, PLLC
                                    2580 East Harmony Road, Suite 201
                                    Fort Collins, Colorado  80528
                                    Telephone: (970) 214-0562
                                    BGonzales@ColoradoWageLaw.com

                                    *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of January 2023, a true and correct copy of the foregoing **RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) AND F.R.C.P. 12(b)(6)** was served electronically on all counsel of record.

                                    *s/Brian D. Gonzales*
                                    _____