THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-CV-00126-WJM-MDB

ERIC DEVILLAZ,
on behalf of himself and others similarly situated

        Plaintiff,

v.

ATMOSPHERE GASTROPUB, INC., MICHAEL DAVIS
MEGAN DAVIS, and STEVEN BAILEY

        Defendants.

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) AND F.R.C.P. 12(b)(6)

Defendant Atmosphere Gastropub, Inc., Michael Davis, Megan Davis, and Steve Bailey (collectively "Defendants"), by and through their undersigned counsel M\cLeod | Brunger PLLC hereby submits this Reply in Support of Motion to Dismiss Plaintiff's First Amended Class and Collective Action Complaint [Doc. No. 50], pursuant to F.R.C.P. 12(b)(1) and 12(b)(6), and as grounds, therefore, states the following:

1. The gravamen of the original Complaint is that Defendant is ineligible to claim the tip credit because its tip pooling practices included those "owners, management, kitchen staff, and/or other employees who are not 'customarily and regularly' tipped" and this means there is a minimum wage violation, improper tip diversion, failing to properly inform him about the tip credit, and failure to provide meal and rest breaks. *See,* 85 FR 86789, Dec. 30, 2020, *as amended* at 86 FR 52986, Sept. 24, 2021, 29 CFR § 531.52(2).

2. In response, Plaintiff now claims that it is irrelevant whether or not a "Tip Credit" was employed because a "manager" shared in tips.

3. Moreover, Plaintiff claims reliance upon applicable regulations is "spurious."

### *Plaintiff Has Not Pled Anything Actionable & Lacks Standing*

4. There is the allegation that the named Defendants were employers as they "operated" the restaurants, but there are no facts plead that establish the existence of any other supervisors or management that would qualify an employee statutorily ineligible to participate in the tip pool. The conclusory allegations about Carrie Platzer do not cure this deficiency because it does not detail what facts lead to the legal conclusion that she was management. *Id, see also*, 29 CFR 541.100(a)(2) through (4) or 29 CFR § 541.101.

5. Plaintiff has not pled – and cannot plead, that a "Tip Pool" as defined by 29 CFR 531.54(a) was in operation because it plainly was not.

6. Plaintiff's amended complaint pivots and claims that a bright line application of 29 CFR § 531.54(b)'s prohibition of "management" sharing in tips controls and without exception.

7. However, there are no allegations – as there cannot be, that any "manager" or "supervisor" pursuant to 29 CFR § 541.100(a)(2)-(4) or § 541.101 as is required to maintain this action, took tips because none ever did.

8. 29 CFR § 541.100(a)(2)-(4), plainly mandates that in order for said employee to have impermissibly participated in any tip pool, she would have to be someone:

> (2) **Whose <u>primary duty</u> is management of the enterprise** in which the employee is employed **or of a** customarily **recognized department** or subdivision **thereof;**
>
> (3) Who customarily and regularly directs the work of two or more other employees; **and**

> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

*Id.* (emphasis added). [69 FR 22260, Apr. 23, 2004, as amended at 81 FR 32549, May 23, 2016; 84 FR 51306, Sept. 27, 2019]

9. Pursuant to 29 CFR § 541.700 Defendants have provided the contemporaneous time records of the purported "manager" that demonstrate – overwhelmingly, her "primary duties" were "customarily and regularly" clocked in as a server and, mainly, bartender. *See,* Second Affidavit of M. Davis Doc. No. 40-1, attached hereto as Exhibit C; *See also, United States v. Ary*, 518 F.3d 775, 786 (10th Cir. 2008)(Pursuant to Rule 803(6), business records are admissible despite their hearsay nature if the records' custodian, or another qualified witness, testifies the records (1) were prepared in the normal course of business; (2) were made at or near the time of the events recorded; (3) were based on the personal knowledge of the entrant or of a person who had a business duty to transmit the information to the entrant; and (4) are not otherwise untrustworthy), *see* Exhibit C, identifying and authenticating the subject pay records as well as that said manager customarily and regularly duties were pursuant to 29 CFR § 541.701 as server and, mainly, bartender.

10. Moreover, and particularly fatal to Plaintiff's claims, these very same records demonstrate that Ms. Platzer is a "Tipped employee" as defined within 29 CFR § 531.50(d) and, thus, eligible to participate in any "pool" that may have existed.

11. Something more is required than merely averring a "manager" impermissibly dipped their toes into pool; a Plaintiff must aver and demonstrate that the subject "supervisor" or

3

"manager" actually qualifies as such under 29 CFR 531.52's restrictions. *See* Exhibit C. *See also,* § 532.52, 85 FR 86789, Dec. 30, 2020, as amended at 86 FR 52986, Sept. 24, 2021.

12.  Thus, because Plaintiff (1) was paid in excess of minimum wage, (2) did not plead, and cannot plead facts that get past §541.100(a)(2)'s predicate because (3) the purported "manager" in – in actuality, a Tipped employee" as defined within 29 CFR § 531.50(d), he (4) simply lacks standing, and (5) has failed to establish the statutory jurisdiction of this Court.

WHEREFORE, for the reasons set forth herein and within their Motion to Dismiss (Doc. No. 53), Defendants Atmosphere Gastropub, Inc., Michael Davis, Megan Davis, and Steve Bailey, respectfully request this Court enter an order granting Defendants' Motion to Dismiss Plaintiff's First Amended Class and Collective Action Complaint Pursuant to F.R.C.P. 12(b)(1) and 12(c), thereby dismissing Plaintiff's Complaint in its entirety.

Dated: January 19, 2023.

Respectfully submitted,

M<sup>c</sup>Leod | Brunger PLLC

By: */s/Joseph A. O' Keefe*
Joseph A. O'Keefe, Esq.
10375 Park Meadows Dr., Ste 260
Lone Tree, CO 80124
(720) 443-6600
jokeefe@mcleodbrunger.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify on January 19, 2023, a true and correct copy of the forgoing was electronically filed and served via CM/ECF, addressed to the following:

Brian D. Gonzales
THE LAW OFFICES OF BRIAN D. GONZALES PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com
*Attorney for the Plaintiff*

/s/Breyann Murray