IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-0126-WJM-MDB

ERIC DEVILLAZ, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

ATMOSPHERE GASTROPUB, INC.,
MICHAEL DAVIS,
MEGAN DAVIS, and
STEVEN BAILEY,

    Defendants.

---

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

---

Eric Devillaz sues Atmosphere Gastropub, Inc. ("Atmosphere"), Michael Davis, Megan Davis, and Steven Bailey (collectively, "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, as amended ("FLSA"), the Colorado Wage Claim Act, Colo. Rev. Stat. §§ 8-4-101, *et seq.* ("CWCA"), and Colorado Overtime and Minimum Pay Standards Order ("COMPS Order") #36, 7 Colo. Code Regs. 1103-1 (together, "Colorado Wage Laws").  (ECF No. 50.)  Now before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Class and Collective Action Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion").  (ECF No. 53.)

For the following reasons, the Motion is granted in part and denied in part.

## I. BACKGROUND[1]

The Court draws the following summary from Plaintiff's First Amended Class Action and Collective Action Complaint ("Complaint").  (ECF No. 50.)

This is a class and collective action brought by Plaintiff on behalf of himself and all others similarly situated under Federal Rule of Civil Procedure 23 and under 29 U.S.C. § 216(b).  (¶¶ 20–22.)  The putative class and collective members are all individuals employed or formerly employed by Defendants as "front of the house" employees.  (*Id.*)  Plaintiff and the other similarly situated individuals he seeks to represent include current and former servers, who are tipped employees under the FLSA and Colorado Wage Laws.  (¶ 2.)

Defendants operate the "Back East" and "Atmosphere" restaurants in Colorado Springs and Denver, Colorado.  (¶ 14.)  Plaintiff and the putative collective members were employed at one or more of Defendants' restaurant locations within the three years preceding the filing of this lawsuit.  (¶¶ 20–22.)  Plaintiff alleges Defendants required servers at both restaurants to contribute to a tip pool of which "Defendants distributed a significant portion . . . to owners, management, kitchen staff and/or other employees who are not 'customarily and regularly' tipped" in violation of federal and state law.  (¶ 15.)  Plaintiff also alleges "Defendant failed to provide . . . employees the meal and rest breaks required" by the Colorado Wage Laws.  (¶ 18-19.)

Paystubs attached to the Motion show Plaintiff was at all times paid more than the federal minimum wage of $7.25 per hour.  (ECF No. 53-1.)  This is because

---

[1] Citations to (¶ __), without more, are references to the First Amended Class Action and Collective Action Complaint (ECF No. 50).

Colorado's "tipped wage" was already $8.08 per hour when Plaintiff began working at Atmosphere in 2019 and increased to $9.30 per hour by the time his employment ended in 2021.[2]  (*See id.*)

## II. LEGAL STANDARD

### A.      Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing that federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."  *Id.*

#### 1.      Standing

Article III of the U.S. Constitution restricts federal courts to deciding "cases" and "controversies."  *See* U.S. Const. art. III, § 2, cl. 1.  These words have been interpreted to restrict federal courts from giving "advisory opinions."  *Flast v. Cohen*, 392 U.S. 83, 96 (1968).  In other words, a federal court may not resolve questions in the abstract, but

---

[2] Colorado Department of Labor and Employment, Minimum Wage History Table, https://cdle.colorado.gov/wage-and-hour-law/minimum-wage (last visited May 10, 2023).

3

instead may only resolve "disputes arising out of specific facts when the resolution of the dispute will have practical consequences to the conduct of the parties." *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011).

To safeguard this restriction, the Supreme Court has articulated a three-element test for "Article III standing":

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted; certain alterations incorporated).

If a plaintiff lacks standing, a federal court lacks subject-matter jurisdiction. *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 180–81 (2000).

**B.  Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal quotation marks omitted).

The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.

4

2007). Thus, in ruling on a Motion to Dismiss under Rule 12(b)(6), the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). However, "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "[C]omplaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' . . . 'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

**A.     The Court Has Jurisdiction**

Defendants argue this Court lacks jurisdiction on the basis that Plaintiff's FLSA claim (the only federal claim between these non-diverse parties) "was stated solely to obtain Federal jurisdiction and is insubstantial and wholly frivolous." (ECF No. 53 at 7 (citing *Tilton v. Richardson*, 6 F.3d 683, 685 (10th Cir. 1993).) In Defendants' view, this is so because Plaintiff was always paid more than $7.25 per hour, and they state in a footnote that these facts "also implicate Article III standing." (*Id.* at 8–11, 11 n.1.)

Though Plaintiff devotes only a footnote to standing (*id.* at 11 n.1), the Court concludes the Motion is most appropriately evaluated on standing grounds. The core of Defendants argument is that Plaintiff was not injured because he did not receive a substandard wage. (ECF No. 53 at 8–11.) While litigants waive arguments they fail to meaningfully develop, the Court has an independent duty to examine its own jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *United States v. Hunter*, 739 F.3d 492, 495 (10th Cir. 2013).

Plaintiff asserts "Defendants' argument overlooks the fact that Plaintiff's FLSA claim does not require the existence of a tip credit" because the "FLSA's tip pooling requirements also are [*sic*] violated when a server is required to share tips with management or supervisory employees – regardless of whether any tip credit is taken." (ECF No. 54 at 5.) Plaintiff's argument is clearly supported by the text of 29 C.F.R. § 531.54(d), which reads:

> An employer that pays its tipped employees the full minimum wage and does not take a tip credit may impose a tip pooling arrangement that includes dishwashers, cooks, or other employees in the establishment who are not employed in an occupation in which employees customarily and regularly receive tips. An employer may not receive tips from such a tip pool and may not allow supervisors and managers to receive tips from the tip pool.

The Tenth Circuit considered and rejected a practically identical argument with respect to 29 C.F.R. § 531.52 in *Marlow v. New Food Guy, Inc.*, 861 F.3d 1157 (10th Cir. 2017). In that case, a catering employee who was paid $12 an hour for regular time and $18 an hour for overtime brought an FLSA claim against her employer. *Id.* at 1158. Her theory was that even though she was paid well above the federal minimum wage, her employer had violated the law by retaining 100% of customer tips. *Id.* at 1159.

6

Tenth Circuit explained the

> argument that this violated the FLSA rests on a flawed premise: that Relish invoked the § 203(m) tip credit in the first place. Relish always paid Ms. Marlow a wage well above the $7.25 minimum, and that wage was not dependent on the amount of tips left by customers. Section 203(m) imposes no restrictions on an employer who provides a set wage above the $7.25-an-hour minimum.
>
> All that § 203(m) does is permit a limited tip credit and then state what an employer must do if it wishes to take that credit. Ms. Marlow reads the statutory provision as also requiring that all employers always give all tips to employees (perhaps through tip pooling). But it does not say that.

*Id.* at 1160–61.

Marlow attempted to rescue her claim by relying on a regulation purporting to limit what employers may do with tips, even if they have not taken advantage of the tip credit. *Id.* at 1162–64. Despite the fact that the regulation directly supported Marlow's position and the United States filed an amicus brief arguing the regulation was entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), the Tenth Circuit held the Department of Labor did not have the authority to promulgate that regulation. *Marlow*, 861 F.3d at 1164. *Marlow* created a split between the Tenth and Ninth Circuits. *See Or. Restaurant & Lodging Ass'n v. Perez*, 816 F.3 1080 (9th Cir. 2016) (holding 29 C.F.R. § 531.52 is entitled to *Chevron* deference).

The Department of Labor ("DOL") responded to *Marlow* by adopting a nonenforcement policy in December 2017 and issued proposed rulemaking to rescind the regulations applying to employers who do not take the tip credit. *Norsoph v. Riverside Resort and Casino, Inc.*, 611 F. Supp.3d 1058, 1065 (D. Nev. 2020). The Secretary of Labor testified before Congress in March 2018 that he found the reasoning

7

in *Marlow* persuasive and believed the DOL was without authority to regulate what employers that do not take the tip credit do with tips.  *Id.*

On March 23, 2018, Congress responded by amending the FLSA as part of the Consolidated Appropriations Act, 2018.  *Id.*  The amendment added § 203(m)(2)(B), which clarifies that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."  *Id.*; 29 U.S.C. § 203(m)(2)(B).  It also amended the FLSA's penalties provision to add a cause of action against employers that improperly divert employee tips:

> Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).  On December 30, 2020,[3] the DOL issued final rules under its newly clarified authority in § 203(m)(2)(B), including what is now codified at 29 C.F.R. § 531.54(d).  Tip Regulations Under the Fair Labor Standards Act (FLSA), 85 Fed. Reg. 86,756, 86,764.

As a Tenth Circuit case, *Marlow* is binding on this Court.  Nevertheless, the Court finds Congress's 2018 amendments supersede it, and *Marlow* no longer controls.  Because Congress has specifically prohibited employers covered by the FLSA from diverting employee tips to managers regardless of whether they take the tip credit, the

---

[3] Though this final rule was issued in the middle of the period during which Plaintiff alleges his tips were improperly diverted, the language of the statute as amended in 2018 is crystal clear that managers may not participate in tip pools, which is the basis of his claim.  29 U.S.C. § 203(m)(2)(B) ("An employer may not . . . allo[w] managers or supervisors to keep any portion of employees' tips.")

8

Court finds Plaintiff has standing, and this Court has jurisdiction over his FLSA claim.

## B. Plaintiff Fails to State a Plausible Claim

Defendants argue Plaintiff fails to state a claim upon which relief can be granted because: (1) he always received a wage in excess of $7.25 per hour; and (2) he fails to effectively plead that Carrie Platzer—who allegedly participated in the tip pool—was a manager. (ECF No. 53 at 10–12.) As the analysis above makes clear, that Defendants did not claim the federal tip credit is not the insurmountable obstacle to Plaintiff's FLSA claim they believe it to be. See Part III.A., supra.

Defendants next argue Plaintiff has not pleaded (and cannot plead) facts that plausibly allege that Carrie Platzer was a manager within the meaning of the FLSA and implementing regulations. (ECF No. 53 at 11–12.) Plaintiff argues he "alleged in detail that Ms. Platzer was Defendants' Front of the House Operations Manager and, therefore, should not have been sharing in Defendants' tip pool." (ECF No. 54 at 6 (citing ¶¶ 15–16).) These "detail[ed]" allegations are found in three sentences in a single paragraph of the Amended Complaint. (¶ 16.) Plaintiff alleges:

> For example, Carrie Platzer, Atmosphere's Front of the House Operational Manager, received a share of the bar tips. Ms. Platzer customarily and regularly managed and directed the work of multiple staff members at Atmosphere and, on information and belief, was involved in hiring, firing and discipline. Ms. Platzer was acting directly or indirectly in the interest of Defendants in relation to Plaintiff.

(¶16.)

As Defendants point out, these allegations are conclusory and more-or-less copied and pasted from 29 C.F.R. § 541.100(a)(2)–(4). (ECF No. 53 at 12.) As such, they do not meet the standard set out by Twombly and Iqbal that a "complaint contai[n] 'enough *facts* to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk,

493 F.3d at 1177 (quoting *Twombly*, 550 U.S. at 570) (emphasis added).  Nonetheless, the Court disagrees with Defendants assertion that Plaintiff *cannot* plead facts plausibly alleging Platzer was a manager.  (*See* ECF No. 53 at 11–12.)  Therefore, the Plaintiff's FLSA claim is dismissed without prejudice.[4]

## C.     State Law Claims

Because the Plaintiff's FLSA claim arises from the same set of operative facts as his state-law claims, the Court has supplemental jurisdiction over those claims.  28 U.S.C. § 1367.

But this case is now in a fundamentally altered procedural posture because the Court is dismissing Plaintiff's only federal claim. Federal supplemental jurisdiction over state law claims "is extended at the discretion of the court and is not a plaintiff's right." *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Given this altered procedural posture, "the values of judicial economy, convenience, fairness, and comity" weigh in favor of not exercising supplemental jurisdiction over the state claims.  *Carnegie-Mellon Univ.*, 484 U.S. at 350.

Therefore, Plaintiff's state claims are also dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Defendants' Motion to Dismiss Plaintiff's First Amended Class and Collective

---

[4] In a footnote, "Plaintiff respectfully requests leave to amend a second time" in the event the Court finds the Amended Complaint inadequate.  (ECF No. 54 at 3 n.1.)  The Court rejects this request because a "motion shall not be included in a response or reply to the original motion.  A motion shall be filed as a separate document."  D.C.COLO.LCivR 7.1; WJM Revised Practice Standards III.B.

Action Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 53) is GRANTED IN PART AND DENIED IN PART as set forth above;

2. The First Amended Class Action and Collective Action Complaint (ECF No. 50) is DISMISSED WITHOUT PREJUDICE;

3. Plaintiff's Renewed Motion for Approval of *Hoffman-LaRoche* Notice (ECF No. 34) is DISMISSED AS MOOT; and

4. Pursuant to its terms, the Stay Order of the Magistrate Judge (ECF No. 49) is LIFTED.

Dated this 12th day of May, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge